CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 24 2015

JULIA C. DUDLEY, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BYRON VASQUEZ-PEREZ,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:15-cv-00245 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| MR. HUFF, et al.,<br>    Defendants. | ) <br> ) <br> ) | By:   Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Byron Vasquez-Perez, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming various staff of the Red Onion State Prison ("ROSP") as defendants. This matter is before me for preliminary review, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss all claims and defendants without prejudice except as to Lt. Day and Counselor Stewart for keeping Plaintiff in administrative segregation for not speaking English.[1]

Plaintiff alleges that someone forged his name to a suicide note, and consequently, staff moved Plaintiff to a stripped-cell in segregation under suicide watch for twenty-seven days. Plaintiff learned when he returned to his cell that ROSP staff had left his cell door open, and his personal property was missing. Plaintiff also complains that he cannot leave administrative segregation via ROSP's "Stepdown Program" because the educational materials are available

---

[1] I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

only in English, which Plaintiff does not speak. Consequently, Plaintiff allegedly remains in administrative segregation on Lt. Day and Counselor Stewart's orders because he cannot speak English and no programming is offered to him to learn English.

Plaintiff's temporary twenty-seven day stay in a stripped cell for suicide watch does not describe an unconstitutional condition of confinement, and his claims about the loss of personal property do no sound in 42 U.S.C. § 1983. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 538-39 (1981) (overruled in irrelevant part by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Plaintiff possesses a post-deprivation remedy under Virginia law besides the inmate grievance procedures, the Virginia Tort Claims Act ("VTCA"). See Va. Code § 8.01-195.3. Verbal abuse or harassment do not rise to the level of an Eighth Amendment violation. See, e.g., Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). Accordingly, except for Plaintiff's claims about being held in long-term administrative detention on orders from Lt. Day and Counselor Stewart for not being able to speak English, all other claims are dismissed without prejudice for failing to state a claim upon which relief may be granted. See, e.g., Incumaa v. Ozmint, __ F.3d __, 2015 WL 3973822, 2015 U.S. App. LEXIS 11321 (4th Cir. 2015).

ENTER: This 24th day of July, 2015.

Jackson L. Kiser
Senior United States District Judge