CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 1 2 2016
JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BYRON VASQUEZ-PEREZ,<br>    Plaintiff, | Civil Action No. 7:15-cv-00245 |
| v. | MEMORANDUM OPINION |
| MR. HUFF, et al.,<br>    Defendants. | By:   Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Byron Vasquez-Perez, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming prison staff as defendants. On November 12, 2015, the defendants filed a motion for summary judgment. On the next day, the Clerk issued a Notice that advised Plaintiff that a motion for summary judgment was filed on November 12, 2015, and that Plaintiff had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's[1] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion . . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

Notice (ECF no. 22) (original emphasis).

Plaintiff did not respond to the Notice or the motion for summary judgment, and the Notice was not returned to the court as undeliverable. Pursuant to the Notice entered on November 13, 2015, I find that Plaintiff has failed to prosecute this case. Accordingly, the complaint is dismissed without prejudice due to Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and all pending motions are denied without prejudice as moot. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte

---

[1] I note that both remaining defendants filed the motion for summary judgment.

for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**ENTER**: This 12th day of January, 2016.

Jackson L. Kiser
Senior United States District Judge